UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v. Case No: 2:18-cr-69-SPC-DNF

EDDIE JUNIOR SAEZ

---

**OPINION AND ORDER**

Before the Court are Defendant Eddie Junior Saez's pro se Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) U.S.S.G. Retroactivity Change (Doc. 158), pro se Motion for Reduction of Sentence, which the Court liberally construes as a motion for compassionate release (Doc. 159), the United States Probation Office's Memorandum (Doc. 160), and a Notice That the Federal Defender's Office Has Satisfied the Requirements Imposed by the Amendment 821 Omnibus Order (Doc. 164). For the following reasons, the Court denies the motions.

In March 2019, the Court sentenced Defendant to 115 months' imprisonment followed by one year of supervised release on a felon in possession of a firearm and/or ammunition charge. (Doc. 117). In the motion, Defendant moves for retroactive application of the sentencing guidelines, arguing that his base offense level and status points have changed under the law. (Doc. 158). In his second motion, Defendant argues in a conclusory

manner that the Court imposed an "unusually long sentence" and appears to refer to a statute concerning rehabilitation. (Doc. 159).

First, the Court addresses his Amendment 821 motion. It used to be that a defendant who committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status received two extra criminal history points. But Part A of Amendment 821 has changed that procedure. Now defendants can move to eliminate the extra points if they meet three criteria: (1) the defendant was assessed two status points under § 4A1.1(d) (now § 4A1.1(e)) and would no longer be assessed status points under the amended guideline; (2) the reduction of status points would reduce the defendant's criminal history category and result in a lower guideline range; and (3) the defendant received a higher sentence than the minimum of the amended guideline range.

Despite Defendant's argument, he is not entitled to a sentence reduction. As the Probation Office explains, "although the defendant was assessed status points, retroactive application of Part A of Amendment 821 does not have the effect of changing the defendant's Criminal History Category and lowering the defendant's applicable guideline range, and thus the defendant is not covered by USSG §1B1.10(a)(2)(B) and 18 U.S.C. § 3582(c)(2)." (Doc. 160 at 2). Specifically, the Probation Office clarifies that application of the Amendment

reduces Defendant's criminal history points from 12 points to 11 points. But he remains in criminal history category V, so the guideline range remains the same. (*Id.*).

The Assistant Federal Defender agrees with Probation's assessment. (Doc. 164 at 3). So the Assistant Federal Defender cannot argue in good faith that Defendant is eligible for a sentence reduction and states that she will not file a motion for sentence reduction under Amendment 821 on Defendant's behalf. She states that she will notify Defendant of her position and move to terminate her representation of Defendant.

Having reviewed the record in this case, the Court agrees with Probation and the Assistant Federal Defender. Because Defendant remains in criminal history category V, his guideline range remains the same. As Amendment 821 does not apply to Defendant, the Court need not evaluate the 18 U.S.C. § 3553(a) factors.

Next, the Court addresses Defendant's construed motion for compassionate release. (Doc. 159). First, the Court notes that the Government did not submit a response brief. But the Court does not need a response to evaluate Defendant's arguments.

Defendant seemingly asks the Court for compassionate release because he received an "unusually long sentence." (*Id.* at 1). He also includes some

general language from what he refers to as 28 U.S.C.-994(t). Defendant does not apply any of this law to the facts of his case.

A district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 606 (11th Cir. 2015). One such statute is 18 U.S.C. § 3582(c)(1)(A), which concerns compassionate release. A court may grant compassionate release if (1) "an extraordinary and compelling reason exists," (2) "a sentencing reduction would be consistent with U.S.S.G. § 1B1.13," *and* (3) the "[18 U.S.C.] § 3553(a) factors weigh in favor of compassionate release." *United States v. Giron*, 15 F.4th 1343, 1347 (11th Cir. 2021). "If any one of the necessary findings cannot be made, then compassionate release is not permissible." *Id.* at 1348 (citation omitted).

A defendant seeking compassionate release "bears the burden of proving entitlement to [such] relief." *See United States v. Kannell*, 834 F. App'x 566, 567 (11th Cir. 2021). And a defendant moving a court for compassionate release may do so only after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *See United States v. Harris*, 989 F.3d 908, 909–10 (11th Cir. 2021).

After considering the parties' briefs, the record, and applicable law, Defendant has shown no extraordinary and compelling reasons to warrant compassionate release. As an initial matter, he provides no information as to whether he submitted a request for compassionate release to the Warden of his facility. (Doc. 159). So Defendant has failed to prove that he met the exhaustion requirement of the compassionate release statute. His motion must be denied on this basis alone.

Nevertheless, the Court moves to the thin substance of his motion. Section 1B1.13(b) permits a reduction of a defendant's sentence based on an unusually long sentence and where a defendant has served at least ten years of the term of imprisonment. U.S.S.G. § 1B1.13(b)(6). Defendant presents no argument in connection with his recitation of the statute. He does not even argue that he has served ten years. (Doc. 159). His motion must be denied on this additional basis.

Finally, while he includes language related to rehabilitation, he offers no explanation whatsoever of how he has been rehabilitated. All he does is say that the Court may consider rehabilitation in determining whether a sentence reduction is warranted. This is no argument at all and fails on its face. Because Defendant has shown no extraordinary and compelling reasons for compassionate release, the Court denies his motion for compassionate release.

Accordingly, it is

**ORDERED**:

1. Defendant Eddie Junior Saez's pro se Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) U.S.S.G. Retroactivity Change (Doc. 158) is **DENIED**.
2. Defendant's pro se Motion for Reduction of Sentence (Doc. 159) is **DENIED**.

**DONE and ORDERED** in Fort Myers, Florida on September 30, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All parties of record